# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:09cv196

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LR BUFFALO CREEK, LLC, a | ) |
| Georgia limited liability company, | ) |
| _____ | ) |
| | ) |
| HERSCHEL ALLEN and wife, | ) |
| ELIZABETH ALLEN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| Vs. | )     ORDER |
| | ) |
| LAND RESOURCE GROUP OF | ) |
| NORTH CAROLINA, LLC, a North | ) |
| Carolina limited liability company, | ) |
| *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the court on the defendants' joint Motion to Remand of (#16), the plaintiffs Motion for Remand (#18), and the Trustee's Amended Motion to Change Venue (#19).[1] While the court has allowed defendants' request for

---

[1] From the outset, the court notes the lack of compliance with the Local Civil Rules, the prime objective of which is to keep matters simple. In this case, counsel have included responses to motions in briefs filed in support of other motions. This violates Local Civil Rules 7.1(C)(2).

additional time to respond to the Trustee's Amended Motion to Change Venue (#19), such defendants have substantively argued, in the alternative, in their brief in support of their Motion for Remand, what appears to be the appropriate resolution of this matter. See Defendants' Memorandum in Support, at 23 (Docket Entry # 17).  The court has also allowed plaintiffs additional time to respond to the Amended Motion to Transfer Venue, and review of the pleadings reveals that plaintiffs are not in agreement that Count 12 should be transferred to the bankruptcy court and the remainder of the action remanded to state court.  So as to afford plaintiffs an opportunity to respond, the court will modify Order (Docket Entry # 25) by staying this Order for 10 days to allow plaintiffs an opportunity to interpose whatever objection they have, if any, to the resolution provided by this Order.[2]

First, the court finds that the trustee properly removed this matter to this court in accordance with 28, United States Code, Section 1452, which provides as follows;

> **Removal of claims related to bankruptcy cases**
> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such

---

[2]   The court notes that if plaintiffs are satisfied with this resolution, which they may well be in that they too sought remand, they should file a notice of such, which will allow this action to proceed promptly in its constituent parts to the appropriate courts.

claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). In turn, Section 1334(a) provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. Section 1334(a).

The Trustee has shown to this court that certain defendants herein, to wit, LR Buffalo Creek, LLC, Land Resource Group, LLC, Land Resource Group of North Carolina, LLC, and Southern HOA Management, LLC, (hereinafter "the Chpater 7 defendants") are debtors in a "series of proceedings" administered by the United States Bankruptcy Court for the Middle District of Florida, to wit, 6:08bk10159, *et seq*. This court has jurisdiction over the claims asserted in the removed action against the Chapter 7 defendants as they are claims "related to" the bankruptcy proceeding. Specifically, Count 12 appears on its face to be a claim that could and should have been made by the bankruptcy estates on behalf of all creditors. See Amended Motion to Transfer, at ¶ 9. In relevant part, plaintiffs allege in Count 12 that during the insolvency of the Chapter 7 defendants, the officers, directors, and shareholders of such insolvents (who are also defendants named herein) owed a fiduciary duty to hold the assets of the failing LLCs in trust and distribute such assets to such Chapter 7 defendants' creditors (which included plaintiffs), rather than convert such assets to such officers', directors', and shareholders' personal use.

The Trustee contends that this is precisely the type of claim that belongs to the Trustee and that it should be brought by the Trustee for the benefit of all creditors, which include plaintiffs herein. Id.  While it has been argued herein that the primary purpose of a Chapter 7 proceeding is to liquidate assets, a condition precedent to liquidating assets is finding assets that may have been improperly conveyed.  In addition to claims asserted against the Chapter 7 defendants in Count 12, the court finds that the claims against defendants Ward, Vacko, Beidel, and Flaskey ("the individual defendants"), the "John Doe Officers," and "John Doe Directors" are equally related to the bankruptcy proceeding as it is alleged in Count 12 that they transferred the Chapter 7 defendants assets to themselves rather than preserving such for creditors.  Clearly, in the Trustee's search for assets, any claim that such additional defendants are liable for either improper transfer or receipt of assets (to wit, officers/directors' liability or through a constructive trust) is related and critical to the bankruptcy proceeding as any claim against the individual defendants as either officers, directors, or shareholders, or as recipients of such assets, necessarily enures to the benefit of all creditors of the bankruptcy estates, not just these plaintiffs.  Thus, the court will sever Count 12 in its entirety and transfer such proceeding to the United States Bankruptcy Court for the Middle District of Florida for disposition by the bankruptcy court for disposition in 6:08bk10159, *et seq*., in accordance with 28,

United States Code, Section 1412.

Having first severed Count 12 and transferred such proceeding to the United States Bankruptcy Court for the Middle District of Florida, the court has considered the claims that remain. The court can find no reason to retain jurisdiction over the remaining claims, and it appears that the action now concerns almost entirely state law claims that were commenced and can be timely adjudicated in such state courts. The remainder of this action will, therefore, be remanded.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' joint Motion to Remand (#16), the plaintiffs Motion for Remand (#18), and the Trustee's Amended Motion to Change Venue (#19) are **ALLOWED** in part and **GRANTED** in part as follows:

(1)  Count 12 is, in its entirety, **SEVERED** from the Complaint and transferred to the United States Bankruptcy Court for the Middle District of Florida, where such court may dispose of plaintiffs' claim as it has been asserted against defendants LR Buffalo Creek, LLC, Land Resource Group, LLC, Land Resource Group of North Carolina, LLC, Southern HOA Management, LLC, individual defendants Ward, Vacko, Beidel, and Flaskey, "John Doe Directors" and "John Doe Officers;"

(2) the remainder of the claims are, respectfully, **REMANDED** to the North Carolina Business Court for disposition; and .

(3) The trustee's original Motion to Change Venue (#6) is **DENIED** as moot.

The Clerk of this court is respectfully instructed to stay execution of this Order for 10 days so that plaintiffs may file any objection they may have to the transfer of Count 12 to the bankruptcy court.

Signed: July 30, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge